Taxes; income tax. — On April 17, 1970, 191 Ct. Cl. 674, 425 F. 2d 738, the court held that plaintiff’s transfer of appreciated stock to her husband was not a gift made voluntarily and gratuitously as she contended but was taxable as a long-term capital gain (Count I), and that all but an admitted portion of certain legal fees were deductible for services in connection with revocation of a trust of which plaintiff was the beneficiary and in connection with other tax matters related to the trust incurred for the conservation of income-producing property (Count II). On October 2,1970 the court issued the following order:
This case comes before the court on defendant’s motion, filed May 7,1970, for reconsideration of the decision entered herein on April 17,1970, with respect to Count *1082 II, and on plaintiff’s motion, filed May 22, 1970, for reconsideration with respect to Count I of the said decision. The motions have been considered, together with the responses in opposition thereto, without oral argument, and are denied.
With respect to defendant’s said motion, this case differs significantly from Woodward v. Commissioner, 397 U.S. 572 (1970) and United States v. Hilton Hotels Corp., 397 U.S. 580 (1970), in that taxpayer here was not in substance acquiring only property. In substance she already had the property, and she was only suing in order to prevent the trustee from having any control over it. In a case of this kind we do not think that the origin of the litigation was in the process of acquisition. Therefore, the “cost of acquisition” regulation is inapplicable, and the governing regulation pertains to “defending or perfecting title.”
IT IS THEREFORE ORDERED that defendant’s and plaintiff’s said motions for reconsideration be and the same are denied.
BY THE COURT
(Sgd.) WILSON CoWEN Chief Judge